

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

PETER ROY ALFRED, JR.
LA. DOC. #315023

DOCKET NO. 09-CV-0300; SEC. P

VERSUS

JUDGE DEE D. DRELL

CORRECTIONS CORPORATION
OF AMERICA, ET AL.

MAGISTRATE JUDGE JAMES D. KIRK

## REPORT AND RECOMMENDATION

Before the Court is a civil rights complaint (42 U.S.C. §
1983) filed by Peter Roy Alfred, pro se and in forma pauperis, on
February 23, 2009. The plaintiff is an inmate in the custody of
the Louisiana Department of Public Safety and Corrections, and he
is currently incarcerated at the Winn Correctional Center ("WCC")
in Winnfield, Louisiana. In this suit, Plaintiff named as
defendants Corrections Corporation of America, Corrections
Corporation of Tennessee, Winn Correctional Center, Chris Bowman,
Tim Wilkinson, Pat Thomas, and unnamed insurance company.
Plaintiff complains that one page from his medical record was
intentionally placed into the medical records of another inmate,
Willie Noel, who discovered the document and returned it to
Plaintiff. He claims that his right to privacy was violated, as
were his rights under HIPPA (Health Insurance Portability and
Accountability Act).

This matter was referred to the undersigned for review,
report, and recommendation pursuant to 28 U.S.C. § 626 and a

standing order of the Court.

## STATEMENT OF THE CASE

Plaintiff alleges that, on November 5, 2008, another inmate, Willie Noel, received a copy of his own medical records from CCA Attorney Chris Bowman. However, Noel discovered a page of Plaintiff's medical record and a page from Inmate Craig Bercegeay's medical record in his own documents. Plaintiff alleges that, because of the error, Willie Noel now knows his "secret private business." He claims that his right to privacy was violated, as were his rights under HIPPA.

## LAW AND ANALYSIS

1.  Conclusory allegation

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48, (1988). Because the deprivation must be intentional, negligent conduct cannot serve as the basis for a §1983 claim. See Jackson v. Procunier, 789 F.2d 307, 310 (5th Cir. 1986)(citing Davidson v. Cannon, 474 U.S. 344 (1986); Daniels v. Williams, 474 U.S. 327 (1986)).

While Plaintiff alleges that the defendant intentionally placed a single page of his treatment notes in the middle of another inmate's medical file, that allegation is entirely

conclusory. A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. See Schultea v. Wood, 47 F.3d 1427, 1433 (5th Cir. 1995). Plaintiff has failed to present any facts to support his conclusory allegation.

2.  Right to Privacy & HIPAA

Plaintiff claims that the defendants violated his right to privacy and violated the Health Insurance Portability and Accountability Act (HIPAA). However, the Fifth Circuit has held that the federal medical-records privacy statute, HIPAA, does not create a private cause of action. See Acara v. Banks, 470 F.3d 569, 571 (5th Cir. 2006). Moreover, prisoners have no absolute constitutional right in the privacy of their medical records. See Moore v. Mabus, 976 F.2d 268, 271 (5th Cir. 1992) (affirming dismissal of a claim of violation of the right to privacy in the publication of a prisoner's medical condition). Plaintiff's claims are frivolous.

3.  Injunctive Relief

Plaintiff seeks a court order "forcing defendants to screen the disclosure of plaintiffs [sic] and other inmates [sic] medical records properly and professionally." [Doc. #1, p.4] To obtain a preliminary injunction, the applicant must show (1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is

not granted, (3) that his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) that granting the preliminary injunction will not disserve the public interest. See Planned Parenthood of Houston & Southeast Texas v. Sanchez, 403 F.3d 324, 329 (5th Cir. 2005).[1] Injunctive relief in the form of "superintending federal injunctive decrees directing state officials" is an extraordinary remedy. Morrow v. Harwell, 768 F.2d 619, 627 (5th Cir. 1985). For the foregoing reasons, Plaintiff cannot show a substantial likelihood that he will prevail on the merits or a substantial threat that he will suffer irreparable injury if the injunction is not granted.

## CONCLUSION

For the reasons discussed herein, **IT IS RECOMMENDED** that Plaintiff's civil rights action be **DISMISSED WITH PREJUDICE** as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B).

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within**

---

[1]Then, for a permanent injunction to issue the plaintiff must prevail on the merits of his claim and establish that equitable relief is appropriate in all other respects. See Dresser-Rand Co. v. Virtual Automation Inc., 361 F.3d 831, 847 (5th Cir. 2004)(citations omitted).

ten (10) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglas v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED at Alexandria, Louisiana, this _____ day of _____, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE